# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA    :

    v.                      :        MAGISTRATE NO. 20-1002_____

LORE-ELISABETH BLUMENTHAL :

### GOVERNMENT'S UNOPPOSED MOTION FOR CONTINUANCE PURSUANT TO TITLE 18, UNITED STATES CODE, SECTION 3161(h)(7)(A)

The United States of America, by and through its attorneys, William M. McSwain, United States Attorney for the Eastern District of Pennsylvania, and Amanda R. Reinitz, Assistant United States Attorney, moves for a 30-day continuance of the time within which an Indictment or Information must be filed in this case, and in support of this motion states as follows:

1. On June 13, 2020, a Complaint was filed by the United States Attorney's Office charging defendant Lore-Elisabeth Blumenthal with two counts of arson of property belonging to an agency that receives federal funding, and aiding and abetting, in violation of 18 U.S.C. §§ 844(f)(1) and (2) and 2.

2. On June 15, 2020, the defendant was arrested.

3. The Speedy Trial Act, 18 U.S.C. § 3161(b), requires that an Indictment or Information be filed within 30 days from the date on which the defendant was arrested, in this case by July 15, 2020.

4. On March 13, 2020, the Chief Judge of this Court entered a Standing Order providing that, as a result of the emergency presented by the coronavirus disease COVID-19, all civil and criminal jury trials scheduled to begin between March 13, 2020, and April 13, 2020, before any district or magistrate judge in any courthouse in the Eastern District of Pennsylvania were continued pending further Court order. The Chief Judge described actions of public health authorities to limit the spread of the virus, and further described the impact of COVID-19 on the availability of jurors. On March 18, 2020, the Chief Judge entered a supplemental Standing Order, describing additional guidance from national leaders limiting group gatherings, and stating in part:

> Because the developments regarding COVID-19 in this district outlined above and in the March 13, 2020, Standing Order also adversely affect the Court's ability to maintain the continued operation of grand juries, it is ORDERED the deadlines for filing an indictment or information set forth in 18 U.S.C. § 3161(b) and (d)(1) are CONTINUED in every matter in this district. The Court finds the ends of justice served by granting a continuance outweigh the best interest of the public and each defendant in a speedy trial. The time period of any continuance entered as a result of this Standing Order shall therefore be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A). Any motion by a criminal defendant seeking an exception to this Standing Order for the purpose of exercising the defendant's speedy trial rights shall be referred to the Chief Judge.

5. On April 10, 2020, the Chief Judge issued an additional Standing Order extending the suspension of grand jury meetings through May 31, 2020, based on the continued public health emergency.

6. On May 29, 2020, the Chief Judge issued an additional Standing Order extending the suspension of grand jury meetings through June 30, 2020. In explaining that Order, the Chief Judge described the significant threat that COVID-19 continues to

pose, the stay-at-home orders in the area that remain in place, and the continuing

guidance from the Centers for Disease Control (CDC) that individuals stay home as much

as possible, refrain from gathering in groups, avoid using public transportation,

ridesharing, or taxis, refrain from non-essential travel, and maintain at least six feet of

physical distance from others outside the home. The Chief Judge explained that these

circumstances continued to significantly impact court operations in this district, including

the ability to proceed with grand jury meetings and jury trials. The Chief Judge

concluded:

> The Court finds the ends of justice served by granting a continuance outweigh the best interest of the public and each defendant in a speedy trial. Because of the temporary unavailability of a grand jury in this district due to ongoing COVID-19 public health emergency, it is unreasonable to expect return and filing of an indictment within the period specified under § 3161(b). *See* 18 U.S.C. § 3161(h)(7)(B)(iii). In computing the time within which an indictment or information must be filed under 18 U.S.C. § 3161(b) or (d)(1), the additional period of time from May 31, 2020, through June 30, 2020, shall be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), in all cases in this district. This period of exclusion is in addition to the period of exclusion previously granted for the time period from March 18, 2020, through May 31, 2020.

> 7. On June 30, 2020, the Chief Judge issued a Standing Order stating as follows:

> The Court anticipates the possibility of resuming meetings of impaneled grand juries in July 2020, with special precautions and accommodations to protect the health and safety of all participants, in addition to the measures already in place to protect public health and safety in Court facilities during the COVID-19 pandemic. Because grand juries continue to be unavailable in this district at this time due to the current public health situation, the deadlines for filing an indictment or information under 18 U.S.C. § 3161(b) and (d)(1), which were previously continued in the Standing Orders issued on March 18, April 10, and May 29, shall remain continued through the earlier of July 31, 2020, or the date the requisite quorum of grand jurors is obtained to consider the particular matter. The Court finds the ends of justice served by granting a continuance outweigh the best interest of the public and each defendant in a speedy trial. In light of the temporary unavailability of a grand jury in this district due to the ongoing

COVID-19 public health emergency, it is unreasonable to expect return and filing of an indictment within the period specified under § 3161(b). See 18 U.S.C. § 3161(h)(7)(B)(iii). In computing the time within which an indictment or information must be filed under 18 U.S.C. § 3161(b) or (d)(1), the additional period of time from June 30, 2020, through the earlier of July 31, 2020, or the date the requisite quorum of grand jurors is obtained to consider the particular matter shall be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), in all cases in this district. This period of exclusion is in addition to the period of exclusion previously granted for the time period from March 18, 2020, through June 30, 2020. The Court may extend the period of exclusion as circumstances warrant. Any motion by a criminal defendant seeking an exception to this Standing Order for the purpose of exercising the defendant's speedy trial rights shall be referred to the Chief Judge.

8. As the Chief Judge found, the crisis presented by COVID-19 affects the orderly operation of the criminal justice system. In part, restrictions on public movement impede the ability of law enforcement officials to gather evidence, meet with witnesses, and present evidence to a grand jury, and limit the ability of defense counsel to meet with clients and otherwise prepare a defense. In this particular case, the government advises that there is at present no available grand jury to which to present its evidence, and it requires the continuance requested here in order to complete its investigation and the presentation of evidence to a grand jury.

9. Counsel for the defendant has represented that the defendant does not oppose the government's request for a 30-day continuance.

- 5 -

WHEREFORE, for the above reasons, it is respectfully submitted that the ends of justice will be served best by the granting of a continuance of 30 days of the time within which to file an Indictment or Information in this case, that is, until August 14, 2020.

Respectfully submitted,

WILLIAM M. McSWAIN
United States Attorney

*/s Amanda R. Reinitz*
AMANDA R. REINITZ
Assistant United States Attorney

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA     :

    v.                   :        **MAGISTRATE NO. 20-1002_____**

LORE-ELISABETH BLUMENTHAL :

## O R D E R

AND NOW, this \_\_10th\_\_ day of \_\_July_____, 2020, the Court finds as follows:

1. On June 13, 2020, a Complaint was filed by the United States Attorney's Office charging defendant Lore-Elisabeth Blumenthal with two counts of arson of property belonging to an agency that receives federal funding, and aiding and abetting, in violation of 18 U.S.C. §§ 844(f)(1) and (2) and 2.

2. On June 15, 2020, the defendant was arrested.

3. The Speedy Trial Act, 18 U.S.C. § 3161(b), requires that an Indictment or Information be filed within 30 days from the date on which the defendant was arrested, in this case by July 15, 2020.

4. On March 13, 2020, the Chief Judge of this Court entered a Standing Order providing that, as a result of the emergency presented by the coronavirus disease COVID-19, all civil and criminal jury trials scheduled to begin between March 13, 2020, and April 13, 2020, before any district or magistrate judge in any courthouse in the Eastern District of Pennsylvania were continued pending further Court order. The Chief Judge

described actions of public health authorities to limit the spread of the virus, and further

described the impact of COVID-19 on the availability of jurors. On March 18, 2020, the

Chief Judge entered a supplemental Standing Order, describing additional guidance from

national leaders limiting group gatherings, and stating in part:

> Because the developments regarding COVID-19 in this district outlined
> above and in the March 13, 2020, Standing Order also adversely affect the Court's
> ability to maintain the continued operation of grand juries, it is ORDERED the
> deadlines for filing an indictment or information set forth in 18 U.S.C. § 3161(b)
> and (d)(1) are CONTINUED in every matter in this district. The Court finds the
> ends of justice served by granting a continuance outweigh the best interest of the
> public and each defendant in a speedy trial. The time period of any continuance
> entered as a result of this Standing Order shall therefore be excluded under the
> Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A). Any motion by a criminal defendant
> seeking an exception to this Standing Order for the purpose of exercising the
> defendant's speedy trial rights shall be referred to the Chief Judge.

5. On April 10, 2020, the Chief Judge issued an additional Standing Order

extending the suspension of grand jury meetings through May 31, 2020, based on the

continued public health emergency.

6. On May 29, 2020, the Chief Judge issued an additional Standing Order

extending the suspension of grand jury meetings through June 30, 2020. In explaining

that Order, the Chief Judge described the significant threat that COVID-19 continues to

pose, the stay-at-home orders in the area that remain in place, and the continuing

guidance from the Centers for Disease Control (CDC) that individuals stay home as much

as possible, refrain from gathering in groups, avoid using public transportation,

ridesharing, or taxis, refrain from non-essential travel, and maintain at least six feet of

physical distance from others outside the home. The Chief Judge explained that these

circumstances continued to significantly impact court operations in this district, including

the ability to proceed with grand jury meetings and jury trials. The Chief Judge

concluded:

> The Court finds the ends of justice served by granting a continuance outweigh the best interest of the public and each defendant in a speedy trial. Because of the temporary unavailability of a grand jury in this district due to ongoing COVID-19 public health emergency, it is unreasonable to expect return and filing of an indictment within the period specified under § 3161(b). *See* 18 U.S.C. § 3161(h)(7)(B)(iii). In computing the time within which an indictment or information must be filed under 18 U.S.C. § 3161(b) or (d)(1), the additional period of time from May 31, 2020, through June 30, 2020, shall be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), in all cases in this district. This period of exclusion is in addition to the period of exclusion previously granted for the time period from March 18, 2020, through May 31, 2020.

> 7. On June 30, 2020, the Chief Judge issued a Standing Order stating as follows:

> The Court anticipates the possibility of resuming meetings of impaneled grand juries in July 2020, with special precautions and accommodations to protect the health and safety of all participants, in addition to the measures already in place to protect public health and safety in Court facilities during the COVID-19 pandemic. Because grand juries continue to be unavailable in this district at this time due to the current public health situation, the deadlines for filing an indictment or information under 18 U.S.C. § 3161(b) and (d)(1), which were previously continued in the Standing Orders issued on March 18, April 10, and May 29, shall remain continued through the earlier of July 31, 2020, or the date the requisite quorum of grand jurors is obtained to consider the particular matter. The Court finds the ends of justice served by granting a continuance outweigh the best interest of the public and each defendant in a speedy trial. In light of the temporary unavailability of a grand jury in this district due to the ongoing COVID-19 public health emergency, it is unreasonable to expect return and filing of an indictment within the period specified under § 3161(b). See 18 U.S.C. § 3161(h)(7)(B)(iii). In computing the time within which an indictment or information must be filed under 18 U.S.C. § 3161(b) or (d)(1), the additional period of time from June 30, 2020, through the earlier of July 31, 2020, or the date the requisite quorum of grand jurors is obtained to consider the particular matter shall be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), in all cases in this district. This period of exclusion is in addition to the period of exclusion previously granted for the time period from March 18, 2020, through

June 30, 2020. The Court may extend the period of exclusion as circumstances warrant. Any motion by a criminal defendant seeking an exception to this Standing Order for the purpose of exercising the defendant's speedy trial rights shall be referred to the Chief Judge.

8. At present, the government advises that there is no available grand jury to which to present evidence in this matter, due to the actions of the Chief Judge to suspend grand jury meetings to protect public health. Further, the government advises that restrictions on public movement impede the ability of law enforcement officials to gather evidence, meet with witnesses, and present evidence to a grand jury. In this particular case, the government estimates that it requires the continuance ordered here in order to complete its investigation and the presentation of evidence to a grand jury.

9. Counsel for the defendant has represented that the defendant does not oppose the government's request for a 30-day continuance.

10. This Court agrees with and adopts the findings of the Chief Judge, and agrees with the government's representations regarding the impact of the COVID-19 crisis on this case. The Court therefore finds that these reasons cause the ends of justice to best be served by granting a further continuance in this matter, and that these reasons outweigh the interests of the public and the defendant in a speedy trial.

WHEREFORE, in accordance with Title 18, United States Code, Section 3161(h)(7)(A), it is hereby ORDERED that the time in which an Indictment or Information must be filed in the above action is continued for a period of 30 additional days, until August 14, 2020.

**BY THE COURT:**


  **/s Carol Sandra Moore Wells**
**HON. CAROL SANDRA MOORE WELLS**
**United States Magistrate Judge**

## CERTIFICATE OF SERVICE

I hereby certify that this pleading has been served on the Filing User identified

below through the Electronic Case Filing (ECF) system:



*/s Amanda R. Reinitz*
AMANDA R. REINITZ
Assistant United States Attorney


Dated: July 10, 2020